### 40733. HOGAN v. SCOTT.

FELTON, Chief Judge. *Code Ann.* § 110-1001 provides in part: "A judgment shall become dormant and shall not be enforced: . . . 2. Unless entry is made on the execution by an officer authorized to levy and return the same and such entry and the date thereof are entered by the clerk on the general execution docket within seven years after issuance of the execution *and its record.* . ." (Emphasis supplied.) Accordingly, where the execution dated September 15, 1953, on a judgment obtained by the plaintiff in the Civil Court of Fulton County on September 9, 1953, has no such entry thereon, the judgment became dormant seven years after the January 27, 1955, recording of the execution in the General Execution Docket of Fulton County by the Clerk of the Superior Court of that county, i. e., on January 26, 1962. The plaintiff's petition in the Civil Court of Fulton County for scire facias to revive the dormant judgment was filed on October 15, 1963, which was within three years from the time the judgment became dormant, as required by *Code* § 110-1003, and complied with all the procedural requirements of *Code* § 110-1006; service of the writ by the Marshal of the Civil Court of Fulton County was valid as authorized by the provisions of Ga. L. 1913, pp. 145, 160, § 33, which created the Municipal

Court of Atlanta, the territorial jurisdiction of which was extended to all of Fulton County by Ga. L. 1925, pp. 370, 371, and the name of which was changed to the Civil Court of Fulton County by Ga. L. 1939, p. 449; therefore the court did not err in its judgment reviving the judgment, ordering execution to issue thereon, and awarding costs to the plaintiff.

*Judgment affirmed. Frankum and Pannell, JJ., concur.*

DECIDED JUNE 2, 1964.

*Kanes, Benator & Lambros, Nick G. Lambros,* for plaintiff in error.

*Troutman, Sams, Schroder & Lockerman, Harold C. McKenzie, Jr.,* contra.